# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ROMERO JIMENEZ,<br><br>    Petitioner,<br><br>    v.<br><br>TODD LYONS, *et al.*,<br><br>    Respondents. | No. 1:25-cv-02052 JLT CDB (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 12) |

Jorge Romero Jimenez initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order on December 29, 2025. He is held in custody of Immigration and Customs Enforcement at the California City Detention Facility in California City. (Docs. 1, 2.)

On January 20, 2026, the Court converted Petitioner's application for TRO to a preliminary injunction and granted the preliminary injunction in part, ordering Respondents to provide Petitioner a substantive bond hearing no later than February 3, 2026. The Court ordered that the government would bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or a danger to the community if he is released. (Doc. 11 at 9.)[1]

On March 3, 2026, the assigned magistrate judge issued findings and recommendations to

---

[1] Given that no party has indicated otherwise, the Court assumes the bond hearing was provided as ordered. In addition, a search of the ICE detainee locator (https://locator.ice.gov/) indicates that Petitioner is no longer in ICE custody.

grant the Petition in part as to the procedural due process claim. (Doc. 12.)[2] The Court served the findings and recommendations on the parties and notified them that any objections were to be filed within seven days. (*Id.* at 15.) The Court also advised the parties that failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) No objections were filed and the time to do so has now passed.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Thus, it is **ORDERED**:

1. The findings and recommendations issued on March 3, 2026 (Doc. 12) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim arising under the Fifth Amendment to the U.S. Constitution (Claim 1).
3. Respondents' request to hold in abeyance this case and any further briefing deadlines herein pending the outcome of appellate proceedings in *Rodriguez Vasquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) (Doc. 9 at 2) is **DENIED**.
4. The Clerk of the Court is **DIRECTED** to enter judgment and to close this case.

IT IS SO ORDERED.

Dated:   **March 12, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] The findings and recommendations also recommended that Petitioner be immediately released. Given that the Court previously ordered a bond hearing, the undersigned assumes this aspect of the recommendation was a scriveners error and thus declines to adopt that part of the recommendation.